UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

BRANDY LEE KENDALL,

    Plaintiff,                          CASE NO.:

vs.

CT CORPORATION SYSTEM,

    Defendant.

_____

## NOTICE OF REMOVAL

Defendant, AutoZoners, LLC (incorrectly referred to in Plaintiff's Complaint as CT CORPORATION SYSTEM)[1] ("AutoZone"), hereby removes this matter from the State Court of Dekalb County, Georgia, where it is now pending, and reserving all rights, objections, and defenses, represents as follows in support of this Notice of Removal:

1.    On December 12, 2025, Plaintiff, Brandy Lee Kendall, filed Plaintiff's Complaint entitled *"BRANDY LEE KENDALL vs. CT CORPORATION SYSTEM"*, in the State Court Action. Attached as **Exhibit A** is a true and accurate copy of

---

[1] The Corporation Company is the registered agent for AutoZoners, LLC.  AutoZoners, LLC was Plaintiff's employer.

#110723293v1

Plaintiff's Complaint and all process, pleadings and orders served upon AutoZone in the State Court Action, as required by 28 U.S.C. § 1446(a).

2.    On January 28, 2026, AutoZone was served with a copy of the Complaint. Thus, 30 days have not elapsed since AutoZone first received notice of Plaintiff's Complaint through service or otherwise, and removal is timely under 28 U.S.C. § 1446(b).

3.    Pursuant to 28 U.S.C. §1441(a), state court action in which United States District Courts have original jurisdiction may be removed to the United States District Court which embraces the place where such action is pending. The United States District Court for the Northern District of Georgia, is the appropriate venue for this case because it is the United States District Court having jurisdiction over Dekalb County, Georgia, the place where the State Court Action is pending.

4.    This Court also has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1).  AutoZone and Plaintiff are citizens of different states, and the substantive allegations of Plaintiff's Complaint indicate that the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.    Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1).

#110723293v1

6.      In this case, the requirements of 28 U.S.C. § 1332(a)(1) have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Upon information and belief, Plaintiff is a resident of Dekalb County, Georgia.  (Summons; Complaint, *see* Plaintiff's signature).

8.      Pursuant to 28 U.S.C § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated, and of any state where it has its principal place of business.

9.      A corporation's principal place of business is the place where the corporation's officers direct, control, and coordinate the corporation's activity, and, in practice, that place "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).

10.      AutoZoners, LLC, is the entity that employed Plaintiff and any relevant employees. It is a limited liability company formed under the laws of Nevada and its sole member is AutoZone Investment Corp. AutoZone Investment Corporation is incorporated under the laws of Nevada and its principal place of business is in Tennessee, and all major corporate business decisions are made and annual sales meetings are held in Memphis, Tennessee. AutoZone is, therefore, a citizen of Tennessee for diversity purposes.

#110723293v1

11.     Because Plaintiff is a citizen of a different state than AutoZone, this case is between "citizens of different states." *See* 28 U.S.C. § 1332(a)(1).

12.     As a result, and for the purpose of 28 U.S.C § 1332(a), there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(c)(1); *Hertz,* 559 U.S. at 93.

13.     The amount in controversy in this case also exceeds $75,000, exclusive of interest and costs. "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Anderson v. Wilco Life Ins. Co*., 943 F.3d 917, 925 (11th Cir. 2019).

14.     In determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), a court should consider the aggregate value of a plaintiffs claims for damages. *See, e.g., Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff "might recover," *inter alia,* award of actual and punitive damages in excess of amount in controversy requirement).

15.     Plaintiff seeks to recover $1,000,000.00 for alleged claims of: (1) unlawful termination; (2) pay discrimination based on race; (3) harassment and

4

sexual harassment; and (4) defamation of character.  (Complaint, ¶ 2).  Thus, the amount in controversy in this case exceeds $75,000.00.[2]

16.    Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

17.    Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

18.    Pursuant to 28 U.S.C. §1446(d), AutoZone shall promptly serve this Notice of Removal upon Plaintiff and file a copy of this Notice of Removal with the Clerk of the Court for Dekalb County, Georgia, notifying that court of this Removal. A copy of the state court notice to be filed (without exhibits) is attached hereto as **Exhibit B**.

19.    As required by 28 U.S.C. §1447(b), certified or attested copies of all records, documents, and docket entries obtained from the State Court of Dekalb

---

[2] In assessing Plaintiff's claims for purposes of establishing diversity jurisdiction, AutoZone does not concede liability or that Plaintiff is owed any damages; it simply is noting the amount placed at issue in this lawsuit. *See S. Fla. Wellness v. Allstate Ins. Co*., 745 F.3d 1312, 1315 (11th Cir. 2014)(noting that the amount in controversy "is less a prediction of 'how much the plaintiffs are ultimately likely to recover,' than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits."). AutoZone disputes that Plaintiff is entitled to any recovery in this matter and disputes Plaintiff's allegations regarding any alleged violations.

#110723293v1

County, Georgia, will be filed with this Court following the filing of this Notice of Removal.

WHEREFORE, AutoZone, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully removes the above-captioned action from the State Court of Dekalb County, Georgia, and requests that further proceedings be conducted in the United States District Court for the Northern District of Georgia as provided by law.

Dated: February 27, 2026        Respectfully submitted,

*/s/ Stephen P. Drobny*
Stephen P. Drobny (GBN 430447)
Jones Walker LLP
Suite 1400
3455 Peachtree Rd NE
Atlanta, GA 30326
Telephone:  (404) 870-7500
Facsimile: (404) 870-7501
Email: sdrobny@joneswalker.com

*Counsel for Defendant, AutoZone*

6

#110723293v1

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I served a filed copy via E-mail and U.S. Mail on the following *Pro Se* Plaintiff:

BRANDY LEE KENDALL
714 Durham xing
Stone Mountain, GA 30083
Email: kendallbrandy0@gmail.com
*Plaintiff, Pro Se*

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A

I further certify that a true and correct copy of the foregoing was e-filed electronically with the Clerk of the Court of Dekalb County, Georgia on February 27, 2026:

Dekalb County State Court Clerk
556 North McDonough Street
Ground Floor Decatur, GA 30030


/s/ Stephen P. Drobny
Stephen P. Drobny, Esq.

7

#110723293v1